UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BASMATTIE (MARY) BASSIT, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 6:03-cv-225-Orl-28KRS |
| CHEP USA, | ) |
| Defendant. | ) |

## DEFENDANT CHEP USA'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS IN THE PLAINTIFF'S SECOND AMENDED COMPLAINT

This Court should grant summary judgment in favor of CHEP USA ("CHEP" or the "Company") on all Counts in Plaintiff Basmattie (Mary) Bassit's Second Amended Complaint.

Ms. Bassit is not entitled to any relief in this action. Ms. Bassit failed to provide CHEP USA ("CHEP" or the "Company") with the required documentation for her requested Family Medical Leave Act ("FMLA") leave and, nonetheless, took unpaid time off with the Company's consent. After she returned to work, she then failed to attend work for 3 consecutive days, without calling the Company or providing any notice or excuse, constituting "job abandonment" under CHEP's handbook – a terminable offense. Accordingly, CHEP terminated Ms. Bassit, consistent with its stated policies. Thereafter, Ms. Bassit made inconsistent and after-the-fact attempts to remedy her unexcused absences

by belatedly providing miscellaneous medical documentation post termination in a disingenuous attempt to retroactively claim FMLA coverage. Ms. Bassit's after-the-fact attempts to comply with her requirements are without merit, contrived, and do not justify her reinstatement.

Contrary to Ms. Bassit's allegations, CHEP met its obligations under the FMLA. When she first requested time off, ostensibly to provide care for her son, who was scheduled to undergo surgery, CHEP provided Ms. Bassit with the appropriate FMLA information and gave her 15 days to complete the required medical certification. Ms. Bassit failed to complete that certification within the time allowed. Indeed, she failed to provide any of the required documentation, despite repeated opportunities to do so, prior to her termination. Further, to the extent that she made attempts, post termination, to "paper" her file with documentation, those attempts are not only patently disingenuous, they are completely ineffective. CHEP was under no obligation to provide Ms. Bassit with FMLA leave where she failed to meet her obligations under the statute.

Ms. Bassit's FMLA claim in this action is entirely without factual and legal merit. Accordingly, this Court should grant summary judgment in CHEP's favor on all Counts in Ms. Bassit's Second Amended Complaint.

In support of its Motion, CHEP relies upon the accompanying Memorandum of Law and Affidavits attached thereto.

**WHEREFORE**, Defendant CHEP USA respectfully requests that this Court:

A. grant summary judgment in its favor on all Counts in Plaintiff Basmattie (Mary) Bassit's Second Amended Complaint;

B.  stay any obligation for CHEP to Answer the Second Amended Complaint until CHEP's Motion for Summary Judgment is decided; and

C.  grant such further relief as the Court deems just and equitable.

**CHEP USA**

/s/ Wayne Helsby
Wayne Helsby, Esquire
Florida Bar No.: 362492
Mark van Valkenburgh, Esquire
Florida Bar No.: 065773
ALLEN, NORTON & BLUE, P.A.
201 South Orange Ave., Suite 900
Orlando, Florida 32801
(407) 843-0437 Telephone
(407) 422-7368 Facsimile

Denise I. Murphy, Esquire
Massachusetts BBO No. 552865
Katharine Pacella Costello, Esquire
Massachusetts BBO No. 634583
PEPE & HAZARD LLP
150 Federal Street
Boston, MA 02110-1745
(617) 695-9090 Telephone
(617) 692-9255 Facsimile

Attorneys for Defendant

Dated: April 21, 2003

**CERTIFICATE OF SERVICE**

I hereby certify that on the _21_ day of April, 2003, I caused a copy of the above document to be sent via U.S. Mail delivery to plaintiff's counsel, Joseph N. Lott, Bogin, Munns & Munns, 250 N. Orange Avenue, Floor 15, Orlando, FL 32801.

/s/
Attorney

3

KPC/32112/4/536671v1
04/21/03-BOS/